OPINION
{¶ 1} Defendant Mark Edwards appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of possession of cocaine in an amount greater than or equal to 25 grams but less than 100 grams, in violation of R.C. 2925.11, after a jury found him guilty. Appellant assigns three errors to the trial court:
 {¶ 2} "I. The appellant's conviction is against the manifest weight of the evidence as the State of Ohio failed to prove beyond a reasonable doubt that appellant possessed cocaine in excess of twenty-five grams.
 {¶ 3} "II. The trial court abused it's discretion and deprived appellant of his right to a fair trial by permitting the introduction of evidence and testimony that misled the jury and resulted in prejudice to appellant.
 {¶ 4} "III. Appellant was denied his right to a fair trial because of presecutorial [sic] misconduct which substantially prejudiced and misled the jury."
 {¶ 5} At trial, the State presented evidence officers from the Alliance Police Department stopped a motor vehicle because the driver did not have a valid operator's license. The vehicle was registered to appellant, although he was not operating the car at the time of the stop. Appellant was one of four passengers in the car, and he was seated in the rear passenger seat. The officers discovered appellant and the other rear seat passenger had open containers of alcohol. One of the officers, Lieutenant Scott Griffith of the Alliance Police Department Special Investigations Unit, observed appellant with a black car stereo face plate in his hand. The officer testified he saw appellant put it in the middle of the back seat. Lieutenant Griffith retrieved the face plate and discovered it contained 12 unit doses of crack-cocaine wrapped in foil, along with a razor blade. The officers arrested 3 of the 4 occupants of the car. The officers then conducted an inventory search of the vehicle, and found a package containing 31 grams of crack-cocaine under the cover of the spare tire in the trunk. The officers also found the vehicle's registration information with appellant's name on it, a pellet gun, and a cell phone.
 {¶ 6} The Stark County Crime Lab analyzed the drugs recovered from the vehicle, and confirmed they contained crack-cocaine.
 {¶ 7} At his arraignment in Alliance Municipal Court, appellant told the judge the drugs in the car belonged to him, and his girlfriend, one of the car's occupants, had nothing to do with it. Officer Todd A. Aderholt of the Alliance Police Department testified he had transported prisoners, including appellant and his girlfriend, to the Municipal Court for arraignment. Officer Aderholt testified while en route, appellant was trying to comfort his girlfriend, telling her she would not be in jail long. Officer Aderholt testified he overheard appellant tell his girlfriend "that stuff was mine, they know that stuff was mine". Tr. of Proceedings, Volume 2, at 418.
 I {¶ 8} In his first assignment of error, appellant argues his conviction is against the manifest weight of the evidence because there was no evidence from which a jury could reasonably conclude he had actual or constructive possession of the cocaine recovered from the trunk of his car.
 {¶ 9} Appellant argues there was no testimony as to how long the cocaine was in the trunk, or who placed it there. Each occupant had equal access to the drugs located in the trunk, except for the driver, who had the keys to the vehicle and thus, appellant urges, had more access to the cocaine in the car's trunk than appellant did. Appellant argues there was no demonstration appellant knew there were drugs in the trunk of the car.
 {¶ 10} R.C. 2925.11 provides no person shall knowingly obtain, possess, or use a controlled substance. Appellant correctly states Ohio courts have held possession can be actual, or constructive, see, e.g., State v. Wolery (1976),46 Ohio St. 2d 316. Constructive possession exists when an individual exercises dominion or control over the object even if the object is not in his immediate physical possession, Id. The person must have knowledge of the substance which he is alleged to possess, see State v. Hankerson (1982), 70 Ohio St. 2d 87.
 {¶ 11} In reviewing whether a jury's verdict is against the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences to be drawn from the evidence, and consider the credibility of the witnesses. Only if we determine in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice, that the conviction must be reversed, can we order a new trial, see State v. Martin (1983),20 Ohio App. 3d 172.
 {¶ 12} The State cites us to testimony from the police officers they had received tips that appellant's car was traveling from crack house to crack house making deliveries of cocaine. Lieutenant Griffith testified the officers observed appellant's vehicle at 3 houses which had been known for drug activity in the past.
 {¶ 13} The State presented the testimony of Renee Kinser, the woman who had been driving appellant's vehicle on the night of the arrest. Kinser testified she may have observed appellant go into the trunk of the car. Kinser testified they drove around stopping at various places, and then went to a home on Wright Avenue. All four occupants of the car went into the house and smoked crack cocaine provided by appellant.
 {¶ 14} The State asserts the testimony of the police officers, Kinser, and the tape recording of appellant's statement at his arraignment provide the jury with sufficient, competent and credible evidence from which it could determine appellant was guilty beyond a reasonable doubt. We agree.
 {¶ 15} The first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, appellant argues the court improperly admitted testimony and evidence misleading to the jury.
 {¶ 17} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court, see State v.Sage (1987), 31 Ohio St. 3d 173. An appeals court must not disturb evidentiary decisions unless it finds the court abused its discretion, see State v. Noling, 98 Ohio St. 3d 44,2002-Ohio-7044. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g. State v.Adams (1980), 62 Ohio St. 2d 151.
 {¶ 18} The evidence rule in question is Evid. R. 404. It provides evidence of other criminal acts, independent of the offense for which the defendant is on trial, is generally inadmissible. However, if the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, then the court may determine the evidence is admissible. Pursuant to R.C. 2945.59, evidence may be introduced concerning other acts which form the immediate background of the alleged act and form the foundation of the crime charged in the indictment. See also, State v. Broom
(1988), 40 Ohio St. 3d 277.
 {¶ 19} Appellant urges the trial court should not have permitted the State to imply to the jury appellant was a drug dealer by presenting evidence appellant was sought by the police for distributing crack-cocaine in the City of Alliance. This was bolstered by police witnesses who testified appellant and/or his vehicle were observed around several houses which had been the target of prior serious drug investigations. Appellant argues this gives rise to the inference he was distributing cocaine at drug houses. Appellant argues there is no evidence appellant distributed cocaine, or intended to sell the cocaine, and as a result, the jury was misled.
 {¶ 20} The State replies the evidence was not presented to create the inference that appellant was a crack-cocaine dealer, but only to explain why the police were looking for appellant's car.
 {¶ 21} The State also presented evidence a pellet gun and cell phone were recovered in the vehicle. Appellant notes he was never charged with a weapons offense or possession of criminal tools. The State never presented evidence appellant possessed or used the pellet gun.
 {¶ 22} Appellant argues the State implied appellant was a drug dealer because these items were in his vehicle.
 {¶ 23} In closing argument, the prosecutor did argue appellant was in charge of the car, and had the cell phone, and was near where the gun was found.
 {¶ 24} We find the prosecutor's remark was a generally accurate comment on the evidence, and we find the jury was not misled.
 {¶ 25} The second assignment of error is overruled.
 III {¶ 26} In his third assignment of error, appellant argues the prosecutor made improper remarks which prejudiced him.
 {¶ 27} In addition to the issues set forth in I and II, appellant cites us to the closing argument, where the prosecutor stated his opinion that one of the witnesses was very credible. The State concedes it is improper for an attorney to express his personal opinion as to the credibility of the witness, see Statev. Williams, 79 Ohio St. 3d 1, 1997-Ohio-407. However, appellant did not object to this, and it occurred only once.
 {¶ 28} Appellant argues the prosecutor shifted the burden of proof in his closing argument when he told the jury there was strong unrequited circumstantial evidence. Appellant characterizes this as a comment on the fact he did not testify at trial, nor did he present any evidence after the State rested its case. In State v. Ferguson (1983), 5 Ohio St. 3d 160,450 N.E. 2d 265, the Ohio Supreme Court held in closing argument, a prosecutor may comment on uncontradicted evidence where the comment is directed to the strength of the State's evidence and not to the silence of the accused. Accordingly, we find these remarks were not improper.
 {¶ 29} In State v. Treesh, 90 Ohio St. 3d 460, 2001-Ohio-4, the Oho Supreme Court found a trial is not to be considered unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have the defendant guilty even without improper comments. We find the improper comments on the credibility of the witness, taken in the context of the entire trial, does not taint the jury's verdict given the evidence adduced by the State.
 {¶ 30} The third assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Wise, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.